**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

V.                        **CASE NO. 4:05CV00605 GH**

**CHARLOTTE GARVEN, VERA DAGONHART, ROY SNIDER,**
**TOMMY SNIDER, KATHY SNIDER and NATALIE SNIDER,**
Heirs of **JULIAN SNIDER** and **RUELENE SNIDER**, Deceased,
and their spouses, if any                                    **DEFENDANTS**

## JUDGMENT

Pending before the Court is the application of the plaintiff, United States of America, for default judgment together with affidavit showing that the defendant heirs of Julian Snider and Ruelene Snider, are not infants or incompetent persons and are not in the military service of the United States.  Said heirs and their spouses, after having been properly served, have not answered, appeared herein or otherwise made any defense to the plaintiff's complaint and are wholly in default.  It is therefore, ORDERED, DECREED and ADJUDGED:

       1.      The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

       2.      There is due and owing on the promissory note of Julian Snider and Ruelene Snider, now deceased, to the United States of America, U.S. Department of Agriculture, Rural Development, formerly known as Farmers Home Administration, the principal sum of $30,933.87, and interest in the sum of $6,067.70 accrued to November 17, 2004, and thereafter at the daily rate of $8.44 to date of this judgment and thereafter at

the statutory rate pursuant to 28 U.S.C. §1961, plus any additional advances and recoverable charges made during the pendency of this action for protection and maintenance of the subject property, and the costs of this action.  Pursuant to a repayment of subsidy agreement, the subject real property described herein also secures repayment of interest credit in the sum of $25,222.33.  Plaintiff United States of America, U.S. Department of Agriculture, Rural Development, formerly Farmers Home Administration, is hereby awarded judgment <u>in rem</u> against the property described herein for the above-mentioned sums.  No personal judgment having been prayed for, none is rendered.

        3.       The above-described indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Rural Development, formerly Farmers Home Administration, is secured by a mortgage recorded in the records of the Circuit Clerk and Ex-Officio Recorder for Yell County, Arkansas, on June 22, 1990.  Plaintiff's mortgage constitutes a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of all of the defendants, and each of them, and all persons claiming by or through them, in and to the following described property in Yell County, Arkansas:

> The East 40 feet of Lot 12, the West 10 feet of the S½ of Lot 13 and that part of the closed alley lying between the East 40 feet of the S½ of Lot 12 and the West 10 feet of the S½ of Lot 13 in Block 53, Town of Dardanelle, Arkansas (Block 53 being out of what was Perrys Addition to the Town of Dardanelle)

together with all improvements and appurtenances thereon.

4.	The FmHA borrowers, Julian Snider and Ruelene Snider were survived by their children, the above-named defendants. Said defendants and their spouses, that is Charlotte Garven and Leon Garven, her spouse, Vera Dagonhart and Gerald Dagonhart, her husband, Kathy Snider and Cecil Jackson, her spouse, Roy Snider, Tommy Snider, and Natalie Snider and their spouses, if any, after having been properly served, have not answered, appeared herein or otherwise made any defense to the plaintiff's complaint, and are wholly in default. The interest of the defendant heirs of Julian Snider and Ruelene Snider and their spouses, in and to the above-described property is subject and subordinate to the plaintiff's mortgage, and such interest is hereby foreclosed.

5.	If the above-described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above described property at public auction to the highest bidder for cash, or on a credit of 30 days, at the South Front door of the Yell County Courthouse, Dardanelle, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, the purchase price shall be secured by one of the following methods at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 30 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the

purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. §2002, and shall forthwith report the result of the sale to the Court.

6. Upon the sale of the above-described real property all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of the defendants, and each of them, in and to said property and every part thereof shall from that date be foreclosed and forever barred.

7. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance upon application therefor to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

8. The sale proceeds, after expenses of sale, shall be paid to the plaintiff United States of America to the extent of the indebtedness owed to the United States of America. Any surplus shall be retained in the registry of the Court subject to further orders of the Court.

9. The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

_____
UNITED STATES DISTRICT JUDGE

DATED: September 9, 2005